cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO PASTRANA,<br><br>　　　　　　Plaintiff,<br>v.<br><br>LOCAL 9509, COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO, a Labor Organization, et al.,<br><br>　　　　　　Defendants. | Civil No. 06cv1779 W (AJB)<br><br>Order Granting Motion to Compel;<br>Denying Motion for Protective Order<br>[Doc. Nos. 42 and 44] |

Defendants' have filed a motion to compel the deposition of Plaintiff's counsel, Ray Keramati. Plaintiff has filed a motion for protective order or in the alternative requests that the Court withhold a ruling on Defendants' motion until after Plaintiff has had an opportunity to perform further discovery. Defendants' have filed a reply. Based upon the parties moving papers and for the reasons set forth herein, the Court hereby GRANTS Defendants' motion to compel the deposition of Mr. Keramati and DENIES Plaintiff's motion for protective order and request that the Court withhold a ruling.

### *Factual Background*

The Plaintiff is a former employee of Defendant, Pacific Bell Telephone Company f/k/a/ SBC Communications Inc. D/b/a AT&T ("AT&T"). Defendant, Communication Workers of America AFL-CIO ("CWA"), is a party to a collective bargaining agreement with Defendant AT&T, and Plaintiff was covered by this agreement as an employee of AT&T. The collective bargaining agreement contained a grievance procedure for employees, where the Local Chapter of the Union, Local 9509, handled

employee grievances arising under the agreement through the first three steps of the grievance procedure, which terminated in arbitration. Under the agreement, if a Local Chapter of the Union was unable to settle the grievance and determined that the grievance had sufficient merit to proceed to arbitration, then the Local Chapter would refer the grievance to CWA, who would then decide whether or not to arbitrate the grievance.

In the instant case, Plaintiff's grievance arises out of his termination in February of 2005 by Defendant AT&T, after AT&T became aware of Plaintiff's prior conviction for sexual misconduct. Local 9509 handled Plaintiff's grievance through the first three steps of the process, however, chose not to appeal Plaintiff's grievance to arbitration. The parties dispute when either the CWA or Local 9509 notified Plaintiff or his attorney, Mr. Keramati, that the Union was not going to pursue his grievance further. Defendant CWA states that Laura Reynolds, an International Representative employed by CWA, will testify that she had several conversations with Plaintiff and Plaintiff's counsel, Mr. Keramati in February of 2006 during which she informed them that Local 9509 had decided in June of 2005 not to pursue the grievance further. *See* Reynolds Decl. ¶ 6. The date of notification is significant because if Plaintiff knew by February 28, 2006, that the Union was not going to pursue his grievance further, then his lawsuit, which was filed on September 1, 2006, would be untimely under the six month statute of limitations applicable to duty of fair representation claims. 29 U.S.C. § 160 (b).

Mr. Keramati, the Plaintiff and Ms. Reynolds were the only parties to the telephone conversations, and the Plaintiff stated during his deposition that he could not recall anything about them. As a result, Defendants' have filed the instant motion seeking to depose Mr. Keramati, because he is Plaintiff's only witness to the telephone conversations other than Ms. Reynolds. Mr. Keramati has filed a declaration in support of his contention that he was not notified of the Union's decision not to pursue Plaintiff's grievance until March 2, 2006.

### *Discussion*

Defendants' contend that Mr. Keramati is a critical fact witness with respect to all the Defendants' statute of limitation defenses to Plaintiff's breach of duty of fair representation/breach of collective bargaining agreement causes of action. Defendants' allege that Mr. Keramati participated in a telephone call(s) in February of 2006 during which a union representative, Laura Reynolds, advised both

Plaintiff and Plaintiff's counsel that the Plaintiff's grievance was not going to proceed to arbitration. Defendants' argue that because these conversations establish the requisite notice to start the six month statute of limitations running, questioning Mr. Keramati regarding his conversations is crucial to their statute of limitations defenses, since the Plaintiff has indicated an intent to submit Mr. Keramati's declaration in support of his contention that he did not receive notice until March 2, 2006. Plaintiff opposes Defendants' motion to compel Mr. Keramati's deposition and seeks a protective order on two grounds, first that Defendants have not satisfied the factors set forth in *Shelton* to warrant taking opposing counsel's deposition, and second that the information sought by Defendants is privileged, protected by both the attorney-client privilege and work product protections. *Shelton v. America Motors Corp.*, 805 F.2d 1323 (8th Cir.1986).

### *I.    Deposing Opposing Litigation Counsel*

Neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence prohibit taking the deposition of an opposing party's attorney. *Shelton v. America Motors Corp.*, 805 F.2d at 1327 (8th Cir.1986); *Johnston Development Group, Inc. v. Carpenters Local Union No. 1578*, 130 F.R.D. 348, 352 (D.N.J.1990). In fact, Rule 30(a) of the Federal Rules of Civil Procedure permits a party to take the testimony of " any person " by deposition, without leave of court. The Rule sets forth certain exceptions to this provision, none of which exempt a party's attorney from being subject to deposition. *See, NFA Corp. v. Riverview Narrow Fabric, Inc.*, 117 F.R.D. 83, 84 (D.N.C.1987).

However, courts have held that because of the negative impact that deposing a party's attorney can have on the litigation process, the taking of opposing counsel's deposition should be permitted only in limited circumstances, and that the party seeking to depose another party's attorney must demonstrate the propriety and the need for the deposition.[1] *Shelton v. American Motors Corp.*, 805 F.2d 1323, is

---

[1] *Shelton*, 805 F.2d at 1327; *Harriston v. Chicago Tribune Company*, 134 F.R.D. 232, 233 (N.D.Ill.1990); *Hay and Forage Industries v. Ford New Holland, Inc.*, 132 F.R.D. 687, 689 (D. Kan.1990); *West Peninsular Title Company v. Palm Beach County*, 132 F.R.D. 301, 302 (S.D.Fla.1990); *Advance Systems, Inc. of Green Bay v. APV Baker PMC, Inc.*, 124 F.R.D. 200, 201 (E.D.Wis.1989); *NFA Corp.*, 117 F.R.D. at 85.

"generally regarded as the leading case on attorney depositions."[2] Under *Shelton*, opposing counsel's deposition may be taken if the party seeking the deposition has demonstrated that (1) "no other means exist to obtain the information than to depose opposing counsel," (2) "the information sought is relevant and nonprivileged," and (3) "the information is crucial to the preparation of the case." 805 F.2d at 1327.

Plaintiff contends that Defendants have not satisfied the factors set forth in *Shelton* to warrant taking Mr. Keramati's deposition. *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). Based upon the information provided in the parties' moving papers as set forth above, it is clear that Defendants' have satisfied the relevancy prong of the second requirement, as well as the third requirement of the *Shelton* test that the information be crucial to the preparation of the case. Mr. Keramati conversations with Ms. Reynolds are crucial to Defendants statute of limitations defenses. As such, the Court need only address whether alternative means exist for Defendants to obtain the information and whether any portion of the information sought would be privileged.

Defendants' contend that no other means exist to obtain information regarding Plaintiff's or his attorney's recollection of the February conversations between Mr. Keramati, Plaintiff and Ms. Reynolds because the Plaintiff cannot recall having the conversations. As such, Mr. Keramati is Plaintiff's only witness as to when notice was given and Ms. Reynolds is Defendants' only witness. Defendants' contend that they should be permitted to test the veracity of the statements set forth in Mr. Keramati's declaration, which Plaintiff intends to rely on in opposing Defendants' statute of limitations defense.

Plaintiff argues that the information sought is available through other means, namely documents and testimony of other witnesses. However, the Court is not moved by Plaintiff's argument because he fails to identify any witnesses aside from Mr. Keramati and Ms. Reynolds, who appear to have conflicting recollections of the February 2006 telephone conversations. This is also the case with the documentary evidence cited by Plaintiff, as all such documents were authored by either Mr. Keramati or Ms. Reynolds.[3] Since the Plaintiff intends to rely on the facts set forth in Mr. Keramati's declaration in

---

[2] *FMC Technologies, Inc. v. Edwards*, 2007 WL 836709, slip op. (W.D. Wash. 2007); *Massachusetts Mut. Life Ins. Co. v. Cerf*, 177 F.R.D. 472, 479 (N.D.Cal.1998); *see also Am. Casualty Co.*, 160 F.R.D. 582, 585-91 (S.D. Cal. 1995) (applying *Shelton* ).

[3] Mr. Keramati's letter to Defendants dated March 10, 2006 and his declaration attached to Plaintiff's opposition. Ms. Reynold's phone notes and her declaration.

opposing Defendants' statute of limitations defense, Defendants' are entitled to question Mr. Keramati regarding those facts and his recollection of the telephone conversations at issue.

With regard to the second prong of the *Shelton* test, Plaintiff alludes to attorney-client privilege and work product protections that would attach to the testimony and documents sought by Defendants. *Shelton v. American Motors Corp.*, 805 F.2d at 1327. In addition to testimony regarding the factual information communicated during the February 2006 telephone conversations Mr. Keramati had with Ms. Reynolds, Defendants also seek Mr. Keramati's notes taken during these conversations in the document requests attached to Mr. Keramati's deposition notice.

### II.  The Attorney-Client Privilege and Work Product Doctrine Protections With Regard to Facts Communicated to An Attorney

In Upjohn, the Supreme Court stated that the attorney-client privilege protected against disclosure of communications between a client and his attorney, but did not protect against disclosure of the underlying facts known by those who communicate with an attorney. *Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981). As such, no contention can be made that the attorney-client privilege precludes disclosure of factual information, because the privilege does not protect facts communicated to an attorney. *Id.* Clients cannot refuse to disclose facts which their attorneys convey to them and which the attorneys obtain from independent sources.[4]

Lower courts seem to agree that the attorney-client privilege does not preclude a Rule 30(b)(6) deposition concerning the facts underlying a party's allegations. *Id.; see also Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981) (finding that the attorney-client privilege does not preclude disclosure of factual information and that the privilege does not protect facts communicated to an attorney). The lower courts are split, however, over whether the work product doctrine prevents Rule 30(b)(6) deposition questions pertaining to the facts supporting a party's contentions.[5]

---

[4] *Hickman v. Taylor*, 329 U.S. 495, 508 (1947); 8 J. Wigmore, Wigmore on Evidence § 2317 (McNaughton rev. 1961); *Sedco Intern., S.A. v. Cory*, 683 F.2d 1201, 1205 (8th Cir.), *cert. denied*, 459 U.S. 1017 (1982).

[5] *Id.* (comparing *Protective Nat'l Ins. Co. of Omaha v. Commonwealth Ins. Co.*, 137 F.R.D. 267, 282-83 (D. Neb.1989) with *Am. Nat'l Red Cross v. Travelers Indem. Co. of Rhode Island*, 896 F. Supp. 8, 14 (D.D.C.1995)).

While there may be some overlap, the work product doctrine "is distinct from and broader than the attorney-client privilege." *United States v. Nobles*, 422 U.S. 225, 238 n. 11(1975). Where only confidential communications are protected by the attorney-client privilege, the work product doctrine protects any document prepared in anticipation of litigation by or for the attorney.[6] *In re Grand Jury Proceedings*, 867 F.2d 539, 541 (9th Cir. 1989) (citing *In re Special September 1978 Grand Jury*, 640 F.2d 49, 62 (7th Cir. 1980)). However, not all written materials obtained or prepared by an adversary's counsel with an eye toward litigation are necessarily free from discovery in all cases. Where relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had. *Hickman v. Taylor*, 329 U.S. at 510-11.

Generally, under Rule 26(b)(3) the work product doctrine protects "mental impressions, conclusions, opinions, or legal theories of an attorney...." *See Hydramar, Inc. v. General Dynamics Corp.*, 119 F.R.D. 367, 372 (E.D. Pa.1988) ("The work product doctrine does in a very limited way operate to circumscribe the scope of depositions upon oral examination."). Thus, the work product privilege is not implicated unless the inquiring party asks the deponent questions which improperly tend to elicit the mental impressions of the parties' attorneys. *Protective Nat'l Ins. Co. of Omaha*, 137 F.R.D. at 279.

The premier case shaping the contours of the work product doctrine is *Hickman v. Taylor*, 329 U.S. 495, 510, 67 S. Ct. 385, 393, 91 L. Ed. 451 (1946). The Supreme Court in *Hickman* observed the dangers inherent in permitting unwarranted disclosure of an attorney's work product materials and limited the scope of the discovery of those materials. In interpreting *Hickman*, some courts have defined two types of work product. Ordinary fact or "unprivileged fact" work product, which is written or oral information transmitted to the attorney and recorded as conveyed.[7] The second is opinion work product, which is any material reflecting the attorney's mental impressions, opinions, conclusions, judgments or

---

[6] Only the client may assert the attorney-client privilege while both the attorney and the client may invoke the work product doctrine. *In re Grand Jury Proceedings*, 867 F.2d at 541(citing *In re Special September 1978 Grand Jury*, 640 F.2d at 62.

[7] *In re Sealed Case*, 676 F.2d 793, 811 (D.C.Cir.1982); In re Doe, 662 F.2d 1073, 1077 (4th Cir.1981), cert. denied, 455 U.S. 1000 (1982); *In re Special September 1978 Grand Jury*, 640 F.2d at 63.

legal theories.[8] The Court in *Hickman* observed that "[n]ot even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney." 329 U.S. at 510. One court has interpreted *Hickman* as giving opinion work product nearly absolute immunity. *In re Murphy*, 560 F.2d 326, 336 (8th Cir. 1977).

It is, however, important to distinguish between facts learned by a lawyer, a memorandum or document containing those facts prepared by the lawyer, and the lawyer's mental impressions of the facts. The facts are discoverable if relevant. The document prepared by the lawyer stating the facts is not discoverable absent a showing required by Federal Rule of Civil Procedure 26(b)(3). Mental impressions of the lawyer regarding the facts enjoy nearly absolute immunity. *In re Murphy*, 560 F.2d 326, 336 (8th Cir.1977). As a result, a document may be insulated from a Request for Production, but the facts contained therein must be disclosed in response to a properly worded interrogatory or deposition question.

Attorneys often refuse to disclose during discovery those facts that they have acquired through their investigative efforts and assert, as the basis for their refusal, the protections of the work product doctrine. It is clearly not the law that a fact is not discoverable because it is known by the lawyer. Indeed, the courts have consistently held that the work product doctrine furnishes no shield against discovery, by interrogatories or by deposition, of the facts that the adverse party's lawyer has learned, or the person from whom he has learned such facts, or the existence or nonexistence of documents, even though the documents themselves may not be subject to discovery. *Protective Nat. Ins. Co. of Omaha v. Commonwealth Ins. Co.*, 137 F.R.D. 267, 281 (D. Neb. 1989);8 C. Wright & A. Miller, Federal Practice & Procedure § 2023, at 194 (1970) (footnote omitted).

Where such facts are concerned, as opposed to the documents containing them or the impressions and conclusions drawn from them, they must be disclosed to the opposing party in response to a proper request for discovery. Otherwise, discovery would be a meaningless tool and we would be back to the era before the advent of the Federal Rules of Civil Procedure when "mutual knowledge of all the relevant facts gathered by both parties" was far from the guiding principle of the federal litigation

---

[8] *Hickman*, 329 U.S. at 51; *Upjohn Co. v. U.S.*, 449 U.S. at 399; *In re Special September 1978 Grand* Jury, 640 F.2d at 63; *In re Sealed Case*, 676 F.2d at 809-10.

process. Wolfson, Opinion Work Product-Solving the Dilemma of Compelled Disclosure, 64 Neb.L.Rev. 248, 256-57 (1985) (footnotes omitted).

Based on the foregoing the Court finds it to be clear from the case law that "[t]he attorney-client privilege does not prevent the disclosure [of] facts communicated to an attorney, and the work product doctrine does not prevent the disclosure of facts communicated by an attorney to a client that the attorney obtained from independent sources."[9] *United States Equal Employment Opportunity Comm'n v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 433 (D.Nev.2006) (citations omitted). Since the Defendants' are not seeking communications between client and lawyer, but rather, are seeking the facts supporting the allegations contained in the complaint, the Court finds this essential distinction renders any claim of attorney-client privilege improper.

The court finds that the work product privilege will not be implicated here for two reasons. First, the court fully expects Defendants to honor their representations that they have no intention of exploring any matters protected by work product during Mr. Keramati's deposition. The only inquiry is the conversations with Ms. Reynolds during February of 2006 regarding the date Mr. Keramati and/or the Plaintiff were notified of Local 9509's decision not to pursue the grievance further and the extent to which that information is recorded in Mr. Keramati's notes. Secondly, with regard to any notes that Mr. Keramati may have taken during the telephone conversations with Ms. Reynolds, Mr. Keramati shall submit these notes to the Court for *in camera* review and redaction by the Court. The portions of Mr. Keramati's notes reflecting mental impressions, opinions, conclusions, judgments or legal theories will be redacted by the Court. The portions of Mr. Keramati's notes that are factual recordings of what was said during the telephone conversations would not be protected under the work product doctrine and should be produced in response to Defendants document requests. For the reasons set forth above, the Court finds that Defendants' have made the showing required by Federal Rule of Civil Procedure 26(b)(3), and therefore are entitled to the production of Mr. Keramati's notes from his telephone conversations with Ms. Reynolds in February 2006, once redacted by the Court.

### *Conclusion*

---

[9] Only the client may assert the attorney-client privilege while both the attorney and the client may invoke the work product doctrine. *In re Grand Jury Proceedings*, 867 F.2d 539, 541 (9th Cir. 1989) (citing *In re Special September 1978 Grand Jury*, 640 F.2d 49, 62 (7th Cir. 1980)).

1   For the reasons set for above, the Court hereby GRANTS Defendants' motion to compel the
2   deposition of Mr. Keramati and DENIES Plaintiff's motion for protective order and request that the
3   Court withhold a ruling.  Mr. Keramati shall submit his notes from the telephone conversations with Ms.
4   Reynolds in February 2006 to the Court for *in camera* review on or before October 5, 2007.  Once the
5   Court has conducted its review and redacted any privileged portions of the documents, they will be
6   returned to Plaintiff for production to Defendants pursuant to this Order.
7   IT IS SO ORDERED.

10  DATED: September 28, 2007

            _____
            Hon. Anthony J. Battaglia
            U.S. Magistrate Judge
            United States District Court